On respondent's reconsideration filed April 22, 1986, previous decision (300 Or 637, 717 P2d 613) adhered to, remanded to Tax Court for entry of judgment July 1, 1986

ATLANTIC RICHFIELD COMPANY,
*Respondent on reconsideration,*

*v.*

DEPARTMENT OF REVENUE,
*Petitioner on reconsideration.*

(TC 2001; SC S30995)

722 P2d 727

Elizabeth S. Stockdale, Assistant Attorney General, and Dave Frohnmayer, Attorney General, Salem, filed the petition for reconsideration for respondent.

Henry C. Breithaupt, of Stoel, Rives, Boley, Fraser & Wyse, Portland, filed a response for appellant to the petition for reconsideration.

Eugene F. Corrigan, General Counsel, Boulder, Colorado, filed a brief *amicus curiae* on behalf of Multistate Tax Commission.

PETERSON, C. J.

## PETERSON, C. J.

In our previous opinion, *Atlantic Richfield Co. v. Dept. of Rev.*, 300 Or 637, 717 P2d 613 (1986), we held that intangible drilling and development costs (IDCs) should be included in the property factor for the purpose of apportioning income to Oregon. ORS 314.605 to 314.670. The Oregon Department of Revenue has petitioned for reconsideration.

The department makes two claims of error in our previous opinion. The first is that we erred in concluding that a majority of states adhering to the Uniform Division of Income for Tax Purposes Act (UDITPA) required or permitted intangible drilling and development costs (IDCs) incurred in the development of producing oil or gas wells and expensed for the purpose of computing federal taxable income to be included in the property factor of the formula used to apportion the taxable income of certain multistate corporate taxpayers. The second is that in deciding the question for tax years 1973-1977, we erred in looking at other states' statutory and rule changes that became effective after the tax years in question, 1973-1977.

After we received the department's petition for reconsideration, we solicited a brief *amicus curiae* from the Multistate Tax Commission (MTC). In response to our request, the MTC submitted a useful brief that included a thorough study of the tax treatment of expensed IDCs by the various state jurisdictions and the District of Columbia.[1] The MTC did not confine its study to UDITPA and MTC jurisdictions but listed all jurisdictions that impose tax on corporate income using an apportionment formula that includes a property factor. (Tables 1-4 of the MTC brief are set forth as appendices to this opinion. See Appendix Nos. 1-4.)

Appendix No. 2 sets forth the position of all states other than Oregon that exclude or include IDCs in a property factor for apportionment purposes. Appendix No. 2 also lists the year the position was taken. Appendix No. 3 lists the IDC position of the UDITPA states by year. Appendix No. 4 lists the IDC position of MTC states by year.[2]

---

[1] For an explanation of UDITPA, MTC and IDCs, see our previous opinion, *Atlantic Richfield Co. v. Dept. of Rev.*, 300 Or 637, 717 P2d 613 (1986).

[2] Oregon is both an MTC and UDITPA state. ORS 305.655 begins: "The

Appendix No. 2 shows that those taxing jurisdictions that have considered the question since 1973 have overwhelmingly (18 to 6) adopted the position that expensed IDCs be included in the property factor for income apportionment purposes.

According to Appendix No. 3, of the UDITPA states that have taken a position, 19 states include IDCs and 11 exclude IDCs. During the period 1973-1986, six states decided that IDCs should be excluded and 16 states decided to include IDCs.

Among MTC states the trend is even clearer. Appendix No. 4 shows that of the 13 MTC states that have taken a position, three exclude IDCs and 10 include them. The last MTC state to exclude IDCs was Missouri, in 1973. Since 1973, nine MTC states have opted to include them; none has excluded IDCs.

In our earlier opinion, we stated:

> "When the department and the Tax Court decisions were made, the actions of the other states discussed above were not apparent.[16] Even so, because uniformity is a predicate for UDITPA's success, we believe that we must consider the statutes and rules discussed above. In the absence of any indication that other UDITPA states apply ORS 314.655(2) as did the department and Tax Court, and in order to meet the UDITPA 'uniformity' criterion, we hold that IDCs should be included in 'original cost.'

> "* * * * *

---

16

> "The Tax Court opinion stated:

> " 'The primary goals of UDITPA are consistency and uniformity. The plaintiff presented no evidence that other states operating under UDITPA, except for Alaska, include IDCs in the property factor calculation. Therefore, the defendant's interpretation and application of its rule to IDCs is consistent with UDITPA's goal of uniformity and the

---

Multistate Tax Compact is hereby enacted into law and entered into on behalf of this state with all other jurisdictions legally joining therein in form substantially as follows: * * *" Article IV of the Multistate State Compact is the Uniform Division of Income for Tax Purposes Act and is contained in ORS 305.655.

expressed statutory purpose noted above.' " 300 Or at 650, 717 P2d at 620.

The information furnished by the MTC, particularly Appendices 3 and 4, demonstrates that the trend among MTC and UDITPA states — Oregon being both an MTC and UDITPA state — is to include IDCs. *See* ORS 314.710. The trend is overwhelming among MTC states (9 of 9 after 1973) and is very strong among UDITPA states (15 of 20 after 1973). To meet the uniformity prong of ORS 314.605(2) we shall not disturb our original holding that expensed IDCs should be included in the "original cost" under ORS 314.655(2).

The department argues that the rule we adopted in our original decision "improperly decided what defendant's policy should have been for tax years 1973 through 1977 based on action taken by other states as late as 1985 which action was specifically given prospective effect only." The department asserts that, in deciding the taxpayer's tax liability for 1973-1977, we should not have looked at action taken by other states after 1977.

By the time of the tax years at issue here, 1973-1977, over half (9 of 16) of the UDITPA states that addressed the issue had adopted a position contrary to that taken by the department. The MTC states that addressed the issue were evenly split (3/3) by 1976. These figures in themselves do not compel a conclusion one way or the other. More revealing is the trend established after 1973, in which 15 of 20 UDITPA states and nine of nine MTC states opted for inclusion of IDCs.

Even though the trend, so apparent in hindsight, was not so established in 1973-1977, the trend since established confirms the correctness of our earlier decision. Making an exception for tax years 1973-1977 would undercut UDITPA's uniformity goal.

Oregon is an MTC and UDITPA state. The principle of uniformity compels a like interpretation to that made by the MTC and UDITPA states that have considered the question since 1973. We adhere to the decision previously made and hold, under ORS 314.655(2) and OAR

150-314.655(2)-(A), that IDCs be included in "original cost" in establishing the property factor.[3]

Reconsideration allowed. Previous decision adhered to. Remanded to the Tax Court for entry of judgment consistent with this opinion.

---

[3] We have considered two decisions cited by the department in its petition for reconsideration, *Shell Oil Co. v. Dept. of Revenue,* 496 So2d 789 (Fla April 24, 1986), and *Appeal of Pauley Petroleum, Inc.,* Op State Bd of Equal 333, CCH Cal Tax Rptr New Matters #400-101 (1982). Both *Shell Oil,* handed down after our decision, and *Pauley Petroleum* upheld administrative decisions that disallowed the inclusion of IDCs, expensed for the calculation of federal taxable income, into the property factor of the UDITPA apportionment formula. Both concerned statutory language and administrative rules identical to the Oregon provisions applied in the present case.

*Shell Oil Co. v. Dept. of Revenue, supra,* however, was decided after our decision in the case at bar and erroneously relied upon the Oregon Tax Court's decision that we reversed. Moreover, we believe that the Florida court erred in stating that excluding IDCs "is consistent with the results reached by the vast majority of other states operating under UDITPA" (citing the result of this case in the Tax Court and *Appeal of Pauley Petroleum, supra). See Shell Oil,* 496 So2d at 792. The Florida decision, although a decision by the Supreme Court of a UDITPA jurisdiction, is also based in part on its interpretation of a Florida statute that required a taxpayer's accounting method for Florida tax purposes to be the same as that used for federal income tax purposes.